# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | Case No. 1:20-cv-01478-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Xavier Lumar J'Weial is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner previously sought federal habeas relief with respect to the convictions and sentence challenged in the instant petition, the undersigned finds that dismissal of the petition is warranted pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

## I.

## BACKGROUND

On October 8, 2020, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On October 19, 2020, the petition was transferred to the Fresno Division. (ECF No. 4). In the petition, Petitioner challenges his 2001 convictions and thirty-six-

///

year sentence in the Kern County Superior Court for second-degree robbery and various enhancements. (ECF No. 1 at 1).[1]

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Petitioner challenges his 2001 Kern County Superior Court robbery convictions and sentence. (ECF No. 1 at 1). Petitioner previously sought federal habeas relief in this Court with respect to the same convictions. See J'Weial v. Lizarraga, No. 1:16-cv-00044-AWI-SKO

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1  (dismissed as untimely); J'Weial v. Lizarraga, No. 1:17-cv-01526-AWI-EPG (dismissed as
2  successive).[2] The Court finds that the instant petition is "second or successive" under 28 U.S.C.
3  § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a
4  first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review
5  of the underlying claims," and thus renders subsequent petitions "second or successive").

6       Petitioner asserts that the instant petition is based on the California Supreme Court's
7  recent ruling in People v. Gallardo. (ECF No. 1 at 13–14). Even if the instant petition raises a
8  new ground for relief relying on a new rule of constitutional law made retroactive to cases on
9  collateral review by the Supreme Court,[3] it is not the district court that decides whether a second
10 or successive petition meets the requirements of 28 U.S.C. § 2244(b)(2)(A). Here, Petitioner
11 makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive
12 petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for
13 relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

## II.

## RECOMMENDATION & ORDER

16      Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of
17 habeas corpus be DISMISSED as an unauthorized successive petition.

18      Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to
19 the present matter.

20      This Findings and Recommendation is submitted to the assigned United States District
21 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
22 Rules of Practice for the United States District Court, Eastern District of California. Within
23 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
24 written objections with the court and serve a copy on all parties. Such a document should be
25 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] The Court notes, however, that Gallardo was decided by the California Supreme Court, not the United States Supreme Court.

1  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
2  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
3  time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
4  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 4, 2020**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE