UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No. 1:20-cv-01478-NONE-EPG-HC<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 9) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 4, 2020, the magistrate judge issued findings and recommendations recommending that the petition be dismissed as an unauthorized second or successive petition. (Doc. No. 9.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of the date of service. (*Id.* at 3.) On January 7, 2021, after receiving a thirty-day extension of time to do so, petitioner filed objections to the findings and recommendations.[1] (Doc. No. 12.)

---

[1] On the same day he filed his objections, petitioner also filed a notice of appeal with the Ninth Circuit. (Doc. No. 13.) However, the notice of appeal was filed before the undersigned had adopted or rejected the findings and recommendations, and accordingly, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (Doc. No. 16 (stating the magistrate judge's findings and recommendations are not appealable).)

1

Petitioner's objections for the most part simply reiterate his challenges to his 2001 convictions and sentence. (*See id.* at 1–7.) Regarding the magistrate judge's specific finding that petitioner had made "no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition," (Doc. No. 9 at 3), petitioner asserts the following:

> The Magistrate errors in the finding that petitioner had not filed an [sic] request for leave when in fact Aug[ust] of 2020, petitioner did file a Notice of Appeal #3 times. For some reason there was a misunderstanding as to what I was request[ing] on appeal as to what case # petitioner was wanting to appeal.

(Doc. No. 12 at 7.) As explained by the magistrate judge, however, "this Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition." (Doc. No. 9 at 2 (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)).) Despite the number of times petitioner may have filed a notice of appeal, petitioner has yet to demonstrate that he has actually sought and obtained leave from the Ninth Circuit to file his successive petition. Such permission can only be granted by the Ninth Circuit (not this court) upon its determination that petitioner "has made a *prima facie* showing that his application satisfies the requirements outlined" in 28 U.S.C. § 2244(b)(2)(A)–(B). *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed as an unauthorized second or successive petition to be debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on November 4, 2020 (Doc. No. 9) are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 30, 2021**

_____
UNITED STATES DISTRICT JUDGE